**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

IRON WORKERS LOCAL 12 PENSION FUND, *et. al.*,

Plaintiff,

      - v -                                 Civ. No. 07-CV-437
                                                     (LEK/RFT)

CATSKILL MOUNTAIN MECHANICAL, LLC;
BRENDA SHIELDS, *Individually and as Officer of*
*Catskill Mountain Mechanical, LLC*; MARTIN SHIELDS,
*Individually and as Managing Agent of Catskill Mountain*
*Mechanical, LLC*; and MARTIN G. SHIELDS *d/b/a*
PLAINT MAINTENANCE SERVICES, INC.
                                  Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### MEMORANDUM-DECISION AND ORDER

On April 23, 2007, Plaintiffs commenced this action against Defendants, pursuant to the

Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq*.  Dkt. No.

1, Compl.  The action is brought by fiduciaries of employee benefit plans for monetary and

injunctive relief to redress violations of certain provisions which require employers to timely remit

contributions to establish and maintain an ERISA plan.  *Id*.  An Answer with a Counterclaim was

filed on May 21, 2007, Dkt. No. 8, to which Plaintiffs filed a Reply to Defendants' Counterclaim

on June 4, 2007, Dkt. No. 9.

The matter currently before this Court is Plaintiffs' Motion to (1) strike Defendants' Answer,

(2) compel Defendants to produce their books and records, (3) direct Defendants to pay reasonable

attorney fees and expenses for the filing of the Motion, and (4) amend the Uniform Pretrial

Scheduling Order in order to extend the dates for completing discovery and filing dispositive

motions.  Dkt. No. 17, Pls.' Mot. to Strike/Compel, dated May 23, 2008.  Defendants oppose the

Motion. Dkt. No. 19, Defs.' Opp. to Mot., dated July 3, 2008. We granted Plaintiffs permission to file a Reply, Dkt. No. 21, which they did on July 11, 2008, Dkt. No. 22.

## I.  HISTORY

### A.  Pretrial Litigation

On September 7, 2007, the Rule 16 Conference was held by telephone. During that Rule 16 Conference, the Court and the parties discussed in detail the joint Civil Case Management Plan, Dkt. No. 11, in order to determine whether the proposed deadlines were realistic.[1] The Court accepted the parties' proposed dates, Dkt. No. 12, Min. Entry, dated Sept. 7, 2007, and a Uniform Pretrial Scheduling Order (UPTSO) was issued setting the discovery deadline as April 1, 2008, and the final date to file dispositive motions by July 15, 2008, Dkt. No. 13.

On March 20, 2008, Plaintiffs asked this Court to intervene on a discovery dispute. Dkt. No. 14, Pls.' Lt.-Mot. Upon completion of the telephone conference with the parties, the Court amended the UPTSO to extend the discovery deadline until June 6, 2008. Dkt. No. 16, Text Order, dated Mar. 31, 2008. This Text Order noted that Defendants "have been extremely tardy in responding to discovery demands," and therefore, all objections were waived. *Id.* Moreover, we set dates certain for the service of responses and documents: (1) Rule 26(a)(1) Statement and written responses to Plaintiffs' Demands were due on or before April 10, 2008, and (2) production of the documents on May 1, 2008. *Id.* Lastly, if Defendants failed to comply with that Text Order, we gave Plaintiffs license to file a motion for sanctions without seeking further court permission. *Id.* Based upon this

---

[1] It is the Court's recollection that during the Rule 16 Conference this Court took judicial notice that Plaintiffs' attorney, the Blitman King Law Firm, Jennifer A. Clark, Esq., of counsel, has brought numerous ERISA actions before this Court over recent years and has participated in many discovery conferences with the Court. Because this Court was keenly aware that Plaintiffs would be seeking an audit of Defendants' accounting records, we recall forewarning Defendants to prepare for this eventuality and suggesting that they participate in good faith.

Order and Defendants' alleged failure to comply, Plaintiffs have filed this Motion.

**B. Discovery History**

There is no material dispute as to the pretrial litigation history. On December 19, 2007, Plaintiffs served Defendants with their Request for Production of Documents and a Request to Admit, along with a Deposition Notice. That Request for Production of Documents was amended on January 9, 2008. Repeated letters and calls were made in order to induce Defendants to respond to the Demands and to provide a Rule 26(a)(1) Statement. Dkt. No. 17-2, Jennifer A. Clark Aff., dated May 28, 2008, at ¶¶ 3-4.

After the Court intervened and issued a Text Order directing Defendants' compliance with Plaintiffs' Demands and the mandates of FED. R. CIV. P. 26, on April 10, 2008, Defendants provided written Responses and their Rule 26(a)(1) Statement. A week later, Plaintiffs alerted Defendants that the Responses were inadequate. Therefore, Defendants provided an Amended Written Response and documents. Within this Written Response, Defendants informed Plaintiffs that additional responsive documentation was available for inspection at 13880 S R 93, West Coxsackie, New York 12192. On May 13, 2008, Plaintiffs visited this site to inspect Defendants' documents but found the production to be woefully lacking and so informed Defendants of this shortfall by a letter, dated May 23, 2008. Dkt. No. 17-2, at ¶¶ 7-12.[2] On the same day, a Motion to Strike and Compel was filed.

Defendant Martin G. Shields avers that on "June 1, 2008, prior to Defendants' receiving

---

[2] Plaintiffs noted 33 different disclosure deficiencies. Dkt. No. 17-2, at pp. 3-6.

Throughout Defendants' Written Responses, they repeated the following mantra:
No such documents have been provided by Defendants to its counsel in response to production of documents demand. To the extent the requested documents exist, Defendants . . . will make them available for inspection at 13880 S.R. 9W, West Coxsackie, New York 12192.
*Id*. Ex. D at ¶¶ 1(b), 4, 5, 10-13, 17-21, & 23-28.

Plaintiffs' Motion, Defendants supplied Plaintiff's attorney's office with additional documentation responsive to Plaintiffs' demands." Dkt. No. 19, Martin G. Shield. Aff., dated June 26, 2008, at p. 4. Plaintiffs acknowledge receiving a box of documents on June 2, 2008. Dkt. No. 22, Jennifer A. Clark Aff., dated July 11, 2008, at ¶ 8. From the Plaintiffs' perspective, this additional disclosure was still incomplete, and so advised Defendants by forwarding a letter to them listing in particular detail what remained outstanding. Dkt. No. 19, at ¶ 5, Ex. A., Pls.' Lt., dated June 18, 2008.

Presumably critical to effectuating full disclosure, Shields now advises all that (a) Catskill Mountain Mechanical, LLC did not file corporate tax returns and it went out of business in 2007, and (b) Plant Maintenance Services Inc., did not exist in 2005 and was initiated in the latter part of 2006. Dkt. No. 19 at ¶¶ 6-13.

Plaintiffs remain unsatisfied with Defendants' latest round of disclosure and find all of the disclosure thus far wanting. Dkt. No. 22 at ¶ 9. They are still awaiting cancelled checks and check stubs for both business enterprises for the period of 2005 to date. *Id*.

## II.  DISCUSSION

We will discuss Plaintiffs' demands for relief by starting with Plaintiffs' demand for reasonable attorney's fees and costs for initiating this Motion. They ask this Court to direct Defendants to pay the sum of $3,465.50 in attorney's fees and costs incurred.

### A. Rule 37(b)(5) - Payment of Expenses

FED. R. CIV. P. 37(a)(5) has made it clear that "if the disclosure or requested discovery is provided after the motion was filed, the court **must**, after giving an opportunity to be heard, **require** the party . . . whose conduct necessitated the motions, . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (emphasis added).

*-4-*

The record on this issue indicates that prior to filing this Motion, on May 23, 2008, Plaintiffs advised Defendants that, to date, their Responses have been insufficient and that a motion would be forthcoming. This Court also put Defendants on notice that if they did not provide the necessary documents by May 1, 2008, they might be subject to sanctions and preclusion of proof. Dkt. No. 16. This Motion to Preclude and Compel was electronically filed on Thursday, May 29, 2008. The parties concur that more documents were provided Plaintiffs on June 2, 2008. Defendants proclaim that they provided this additional documentation "prior to receiving Plaintiffs' Motion." Dkt. No. 19 at ¶ 4. This declaration that they may have acted before the Motion was actually filed or received by them could be considered substantial justification or a presentation of other circumstances that would make an award of expenses and fees unjust. Fed. R. Civ. P. 37(a)(5)(ii) & (iii). However, the timing of the disclosure and the filing of this Motion does not fall within Defendants' favor, especially when we weigh the prior court intervention and the Plaintiffs' May 23rd letter. This Court also takes judicial notice that generally when any document, including a motion, is electronically filed within a case docket, the parties, as well as the Court, immediately receive notice of its availability on the case docket. Thus, we may deem a party to have "received" a motion the moment it is filed, or at least notice of the motion. Contrary to Defendants' assertion, it is more likely than not that they actually received the Motion via Electronic Court Filing (ECF) on May 29, 2008. Even if we were to credit the Defendants with a June 1, 2008 receipt of the Motion, Defendants had been placed on notice by this Court of this sanction contingency if they did not actually and fully respond as directed by the March 31st Order. *See also supra* note 1.

The benefit of the doubt notwithstanding, we would yet find that they should be subject to paying Plaintiffs' expenses. Even with the June 2nd disclosure, we find that the disclosure remains

evasive and/or incomplete, and must be treated as a failure to respond. FED. R. CIV. P. 37(a)(4). Compounding Defendants' dilemma are other sanction provisions found in Rule 37(b)(2) and (c). *See infra* Part II.B. On this ground, Defendants cannot escape the institution of attorney's fees, with one exception.

Plaintiffs submit a fee narrative in support of the attorney's fees for filing the Motion. The total time for preparing this Motion (and we are also including the time to file a Reply to the Opposition) is 14.70 hours at an hourly rate of $235.00, with $2.00 in copying expenses. The Court finds the time spent preparing the Motion, the rates charged, and expenses to be reasonable.

This Court is prepared to impose attorney's fees and costs in this matter based upon the record before us. Before we can do so, the Federal Rules of Civil Procedure require us to give the nonmovant party an opportunity to be heard in order to provide substantial justification for the delay or to show that imposing the expense would be unjust. FED. R. CIV. P. 37(a)(5), (b)(C), (c)(1). Initially, we concluded that Defendants' Affidavit, particularly their comment that they provided the discovery before the filing of the Motion, was their attempt to provide substantial justification. But in light of its impotency, we are compelled to give Defendants an opportunity to be heard more fully before we determine that monetary sanction shall be imposed.[3] Accordingly, Defendants shall have ten (10) days from the date of this Order to electronically file another Affidavit setting forth any basis upon which they assert substantial justification. Failure to submit such an affidavit will automatically trigger the enforcement of this sanction order.

---

[3] Notwithstanding the authority the Federal Rules of Civil Procedure grant this Court to impose these sanctions upon either or both the party and the attorney, this Court will not consider imposing this monetary sanction against the attorney. It is Defendants' responsibility to provide the documents in question and not the attorney. Throughout Defendants' Responses to Plaintiffs' Demand to Produce, it is noted that certain documents were not provided to Defendants' counsel. *See supra* note 2. We do not intend to hold the attorney responsible on these facts.

**B.  Rule 37(b)(2) - Sanctions for Failing to Comply with a Court Order**

This aspect of Plaintiffs' Motion harkens back to this Court's March 31st Order wherein we directed Defendants to serve responses and documents prior to May 1, 2008.  Dkt. No. 16; *see also supra* note 1.  This direction was not license for a party to tread haphazardly in serving responses but rather a plain spoken instruction for them to serve adequate responses timely.  Plaintiffs have convinced this Court that Defendants have not filed adequate Responses pursuant to our Order, and thus we will consider Plaintiffs' pursuit of sanctions which would strike Defendants' Answer and preclude them from putting into evidence any proof that would challenge Plaintiffs' calculation as to damages. FED. R. CIV. P. 37(b)(2)(iii) (striking pleadings in whole or in part).  Further, if it is found that a party failed to comply with a Court order, the payment of expenses would be warranted.  *Id*. at 37(b)(2)(C).

In accordance with Federal Rule of Civil Procedure 37, a court has broad discretion in fashioning appropriate sanctions for discovery misconduct.  *Metro. Opera Ass'n., Inc. v. Local 100, Hotel Employees and Restaurant Employees Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003) (citing *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)); *see also Minotti v. Lensink*, 895 F.2d 100, 102-03 (2d. Cir. 1990) (stating a reviewing court will overturn a district court's application of such sanctions only where there has been an abuse of discretion).  As the Second Circuit noted in *Update Art, Inc. v. Modiin Publ'g, Ltd.*, disciplinary sanctions under Rule 37 ensure that a party will not benefit from his or her failure to comply.  843 F.2d 67, 71 (2d Cir. 1988).  Sanctions are specific deterrents and are imposed for the purpose of obtaining compliance with the particular order issued, and intended as a general deterrent effect on the case at hand and the future, provided the party against whom sanctions are imposed was in some sense

at fault. *Id.* (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976) (*per curiam*) & *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979)); *see also Metro. Opera Assoc.*, 212 F.R.D. at 219 (citing *Nat'l Hockey League*, 427 U.S. at 643 & *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 386 (2d Cir. 1981) for the proposition that Rule 37 sanctions may be applied both to penalize conduct that warrants sanctions and to deter those who might be tempted to use such conduct in the absence of such a deterrent).

Pursuant to Rule 41(b) and (c) of the Federal Rules of Civil Procedure, a court may dismiss an action or counterclaim, on motion or its own initiative, for the failure of the plaintiff "to prosecute or to comply with [the Federal Rules of Civil Procedure] or **a court order**[.]" FED. R. CIV. P. 41(b) (emphasis added). Rule 37 of the Federal Rules of Civil Procedure also authorizes dismissal of an action, including counterclaims, due to a party's failure to comply with discovery and/or court orders. *See also* N.D.N.Y.L.R. 1.1(d) & 7.1(d). Sanctions may include those listed in Rule 37(b)(2)(A)(i)-(v). Included as a sanction in Rule 37(b) and (c) are the remedies of preclusion of proof against the disobedient party, striking an answer with counterclaims, and dismissing part of its actions or defenses. FED. R. CIV. P. 37(b)(2)(A)(ii), (iii), & (v); *see also Burke v. ITT Automotive, Inc.*, 139 F.R.D. 24, 34 (W.D.N.Y. 1991) (citing *Paine, Webber, Jackson & Curtis, Inc v. Immobiliaria Melia de Puerto Rico, Inc.*, 543 F.2d 3 (2d Cir. 1976) for the legal proposition that an answer may be stricken and a counterclaim may be dismissed leading to an entry of a default judgment for the plaintiff).

We note that, given the harsh nature of Rule 37(b) and 41(b) and (c) dismissals or preclusion, they are "appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). Dismissals and preclusion pursuant

to Rules 37 and 41 are within the discretion of the court pursuant to their authoritative and discretionary control over case management and calendar congestion. *See Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd* , 152 F.3d 917 (2d Cir. 1998) (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)); *see also Brown v. Lee*, 2007 WL 700950, at *3 (N.D.N.Y. Mar. 1, 2007) (citing, *inter alia*, *Dodson*).

The courts within this Circuit have found that the same test applies whether the basis for the dismissal or preclusion is for a party's failure to prosecute or to abide by court order. *See, e.g., Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (failure to comply with court order may be treated as a failure to prosecute). In considering whether dismissal or preclusion is the proper action herein, we must consider the following: (1) the duration of Defendants' failure to comply with the Court Order; (2) whether Defendants were on notice that failure to comply would result in dismissal; (3) whether the Plaintiffs are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its docket with the Defendants' interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal or preclusion. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Peat v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). Generally, no factor is dispositive. *Nita v. Conn. Dep't of Envtl. Protection*, 16 F.3d at 485.

In reviewing the above factors, we find that Defendants have willfully disobeyed an Order of this Court and have not participated in discovery in good faith. Defendants have failed to comply with legitimate demands for more than six months and a Court Order for two and one-half months. They also failed to comply with Rule 26(a)(1) for an extended period of time. The Court put Defendants on notice that their failure to comply with the March 31st Order would create the real

possibility of sanctions or preclusion of proof.  All tolled, to allow these discovery dalliances to go unchecked, especially in face of a Court Order, would tip the scale to the prejudice of the Plaintiffs, who have been fully engaged in pretrial litigation.

Even though all of the factors do not weigh in the Defendants' favor, we are required to at least consider a sanction less drastic than dismissal of the counterclaims and striking the Answer, which result would immediately hand the Plaintiffs' a virtual victory on the merits of this case. Even in light of this meager and belated effort to comply with a Discovery Order, we find that dismissing the counterclaims and striking the Answer would be extreme under the circumstances. On the other hand, Defendants' inaction and failure to play by the rules deserve a firm consequence. Without a consequence, there would be no deterrence for Defendants, or others of like mind, to respect a Court Order.

Notwithstanding Defendants' wilful disobedience, the Court is persuaded that a lesser sanction may suffice to ensure future compliance.  Pursuant to Rule 37(b)(2)(C) and 37(c), Defendants shall pay Plaintiffs' lawyers the sum of $3,456.50.  As we noted above, these provisions, much like Rule 37(a)(5), provide for an opportunity to be heard.  We are not certain whether Defendants realize that their opportunity to oppose the Motion included their responsibility of providing either substantial justification for their failure to comply with the March 31st Order or frame other circumstances that may make this award unjust.  Because of this uncertainty, Defendants will be allowed an opportunity to submit another affidavit addressing solely the issues of substantial justification and the injustice of an award of attorney's fees and expenses.

### C.  Other Discovery and Scheduling Issues

We will grant Plaintiffs' Request to amend the UPTSO so that the balance of discovery,

which includes depositions, may be concluded.  Plaintiffs also seek "cancelled checks, including check stubs, and cash receipt journals to or from Plant Maintenance Services, Inc. for the years 2006 to date [and], the cash receipt journals for Plant Maintenance Services, Inc. and Catskill Mountain Mechanical, LLC for the years 2005 to date."  Dkt. No. 22 at p. 3, Wherefore Clause.

Defendants have identified that Plant Maintenance Services Inc., did not commence operations until 2006, so any disclosure of these records shall take this event into account.  They also explain that Catskill Mountain Mechanical, LLC ,ceased operations in 2007.  Similarly, the disclosure of these records should be guided accordingly.  To the extent that these records exist, Defendants shall produce them for Plaintiffs' inspection within ten days of this Order.  Further, Defendants shall produce those books and records that have not been disclosed or been made available as requested by Plaintiffs' Amended First Request for Documents.  If income and payroll tax returns have been prepared for either of these entities during the interim of the March 31st Order and this Order, they shall be provided to Plaintiffs within ten days of this Order.

### III.  CONCLUSION

Based upon all of the foregoing, it is hereby

**ORDERED**, that Plaintiffs' Motion to Strike Defendants' Answer, Preclude their presentation of Proof, and impose Attorney's Fees (Dkt. No. 17) is **granted in part and denied in part**, consistent with this Decision; and it is further

**ORDERED**, that Defendants electronically file an Affidavit setting forth substantial justification or circumstances that may establish an injustice in imposing attorney's fees in the amount of $3,456.50 within ten (10) days of this Order.[4]  If Defendants fail to provide the Affidavit,

---

[4]  In light of what Defendants are required to do, Plaintiffs  need not respond.

*-11-*

they shall pay Plaintiffs' attorney the sum of $3,456.50, within thirty (30) days of this Order; and it is further

ORDERED, that Defendants shall provide the requested documents consistent with this Decision within ten (10) days of this Order. **FAILURE TO ABIDE BY THIS COURT ORDER IN GOOD FAITH SHALL LEAD TO STRIKING THE ANSWER, DISMISSING COUNTERCLAIMS, AND PRECLUDING DEFENDANTS' PROOF**; and it is further

ORDERED, that the Uniform Pretrial Scheduling Order is amended as follows: (1) the discovery deadline is October 10, 2008; (2) the final day to file dispositive motions is November 14, 2008; (3) all other provisions of the Scheduling Order shall remain in effect; and (4) no further extensions will be considered.

**IT IS SO ORDERED**.

August 8, 2008
Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge

*-12-*