**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

IRON WORKERS LOCAL 12 PENSION FUND, *et. al.*,

                                  Plaintiff,

            - v -                                                Civ. No. 07-CV-437
                                                                    (LEK/RFT)

CATSKILL MOUNTAIN MECHANICAL, LLC;
BRENDA SHIELDS, *Individually and as Officer of*
*Catskill Mountain Mechanical, LLC*; MARTIN SHIELDS,
*Individually and as Managing Agent of Catskill Mountain*
*Mechanical, LLC*; and MARTIN G. SHIELDS *d/b/a*
PLAINT MAINTENANCE SERVICES, INC.
                                 Defendants.
_____

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      Previously, Plaintiffs filed a Motion to (1) strike Defendants' Answer, (2) compel Defendants to respond to discovery demands and produce their books and records, (3) direct Defendants to pay reasonable attorney fees and expenses for the filing of the Motion, and (4) amend the Uniform Pretrial Scheduling Order in order to extend the dates for completing discovery and filing dispositive motions. Dkt. No. 17, Pls.' Mot. to Strike/Compel, dated May 28, 2008. On August 8, 2008, this Court issued a Memorandum-Decision and Order, granting in part and denying in part, Plaintiff's Motion. Dkt. No. 24, MDO.

      At that time, we found that Defendants had willfully disobeyed an order of this Court and had not participated in discovery in good faith. *Id*. at p. 9. We were persuaded, at that time, that a sanction other than striking the answer and precluding Defendants from presenting proof at trial was warranted. *Id*. at p. 10. Since we had already determined that Defendants should be required to pay Plaintiffs reasonable attorney fees for filing the Motion to Compel, *id*. at p.6, we felt that imposing

the reasonable attorney fees would "suffice to ensure future compliance," *id.* at p. 10.

Because, however, we were uncertain whether Defendants had an opportunity to provide this court with substantial justification for their failure to comply with the March 31, 2008 Order, Dkt. No. 16, we gave Defendants ten (10) days from the date of the August MDO to electronically file another affidavit setting forth any basis upon which they assert substantial justification, Dkt. No. 24 at pp. 6, 10, 12.

Accordingly, we ordered, in part: "Defendants [shall] electronically file an affidavit setting forth substantial justification or circumstances that may establish an injustice in imposing attorney's fees in the amount of $3,456.50 within then (10) days of this Order[; and (2)] Defendants shall provide the requested documents consistent with [the] Decision within ten (10) days of this Order." *Id*. at pp. 11-12. The August 8th Order also provided the following notification: "**FAILURE TO ABIDE BY THIS COURT ORDER IN GOOD FAITH SHALL LEAD TO STRIKING THE ANSWER, DISMISSING COUNTERCLAIMS, AND PRECLUDING DEFENDANTS' PROOF**." *Id*. at p. 12 (emphasis in the original).

By a letter, dated August 28, 2008, Plaintiff informs the Court that Defendants neither provided the court ordered discovery nor filed an affidavit delineating their substantial justification for failing to comply with a court order within the ten (10) day period. Dkt. No. 25. In reviewing the case docket, we take notice that Defendants have not lodged the court ordered affidavit nor responded to Plaintiff's August 28th letter. Once again, Defendants have failed to abide by a court order, notwithstanding the repeated warnings.

As we noted in the August 8th Order, a court may dismiss an action, including counterclaims, or preclude the presentation of proof due to a party's failure to comply with discovery and/or court

orders. Dkt. No. 24 at p. 8 (citing FED. R. CIV. P. 37(b), 41(b) & (c), & N.D.N.Y.L.R. 1.1(d) & 7.1(d)). We had already found that Defendants willfully disobeyed the March 31st Order. We now find that Defendants have willfully disobeyed the August 8th Order, notwithstanding the explicit judicial notice of the consequences that would ensue. Further compounding these findings is the fact that Defendants have refused to avail themselves of an opportunity to persuade this Court that monetary sanctions should not be imposed and they failed to provide the discovery as directed by court order. Dkt. No. 24. Such opportunity to provide substantial justification is now deemed waived. Accordingly, we will now direct Defendants to pay Plaintiff's Counsel the sum of $3,456.50 and we recommend, since this recommendation appears to be dispositive, that the District Judge strike Defendants' Answer with Counterclaims, preclude Defendants from presenting any proof, and enter a default judgment to Plaintiff.

For the reasons stated herein as well as the August 8, 2008 Order, it is hereby

**ORDERED**, that Plaintiff's Motion to Strike/Compel, Dkt. Nos. 17 and 25, is **granted**; and it is further

**ORDERED**, that Defendants shall pay Plaintiff's attorneys the sum of $3,456.50 on or before **October 2, 2008**; and it is further

**RECOMMENDED**, that the Honorable Lawrence E. Kahn, Senior United States District Judge, strike Defendants' Answer with Counterclaims from the records and preclude Defendants from presenting any proof in this matter; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written

objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   September 2, 2008
            Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge