UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IRON WORKERS LOCAL 12 PENSION FUND, et al.,

               Plaintiffs,

  -against-                                 1:07-CV-0437
                                                (LEK/RFT)

CATSKILL MOUNTAIN MECHANICAL, LLC;
BRENDA SHIELDS, Individually and as Officer of
Catskill Mountain Mechanical, LLC; MARTIN SHIELDS,
Individually and as Managing Agent of Catskill Mountain
Mechanical, LLC; and MARTIN G. SHIELDS d/b/a
PLAINT MAINTENANCE SERVICES, INC.,

               Defendants.

**DECISION AND ORDER**

Plaintiffs brought this action against Defendants seeking fringe benefit contributions, deductions, interest, liquidated damages, costs and disbursements, and attorney's fees due and owing to multiemployer benefit plans and a labor organization and the production of Defendants' books and records for an audit pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

Defendants have failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure. See Dkt. Nos. 26, 27. On December 18, 2008, Plaintiffs filed a Motion for default judgment against Defendants. Motion (Dkt. No. 29). Defendants have failed to oppose Plaintiffs' Motion, despite receiving notice and an opportunity to respond.

The Federal Rules of Civil Procedure provide a two-step process for obtaining a default judgment: (1) the plaintiff must seek to have the clerk of the court enter a default against a party that has not appeared or defended; and (2) the plaintiff must apply for a judgment of default from either

the clerk or the court, depending on whether the claim is for a "sum certain." See FED. R. CIV. P. 55(a), (b). On January 5, 2009, Plaintiffs filed a request for entry of default with the Clerk of this Court. Dkt. No. 31. The Clerk entered default against Defendants, pursuant to Federal Rule of Civil Procedure 55(a), on January 28, 2009. Dkt. No. 33.

When a default is entered, the defendants' failure to respond constitutes an admission of the well-pleaded factual allegations in the complaint, except as to claims relating to the amount of damages. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.3d 155, 158 (2d Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); Quality Carriers, Inc. v. Randolph, 06-CV-1170, 2007 U.S. Dist. LEXIS 49479, at *2 (N.D.N.Y. July 9, 2007). Given Defendants' apparent lack of interest in this proceeding, judgment by default pursuant to Federal Rule of Civil Procedure 55(b) is appropriate, and Plaintiffs' undisputed allegations as to liability are, therefore, admitted. However, while defendants' default constitutes a concession of liability, it is not considered an admission of damages. Greyhound, 973 F.3d at 158.

In assessing damages pursuant to Federal Rule of Civil Procedure 55(b)(2), courts must ensure that there is a basis for the damages specified in the judgment and not simply accept the moving party's statement of damages. Transatlantic Marine Claims Agency, Inc. v. Acme Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). In order to determine the amount of damages following a default, it is not necessary for a court to hold a hearing; the court may rely on detailed affidavits and documentary evidence to fix damages. Id.; see also Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993); Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991).

Following review of the Record and the submissions of Plaintiffs, this Court finds that the amounts requested by Plaintiffs, including delinquent fringe benefit contributions, deductions, accrued interest, liquidated damages and other costs, attorney's fees and costs, are due and owing to

Plaintiffs in the matter. Excluding attorney's fees and costs, Defendants owe Plaintiffs the sum of $698,210.03 for the period of March 2006 through March 2008 pursuant to ERISA Section 502(g)(2) and the parties' contractual agreement. See 29 U.S.C. § 1132(g)(2); see also Mem. in Supp. of Pls.' Mot. for Default J. at 8. The sum of $698,210.03 represents: (1) $448,954.20 in fringe benefit contributions and deductions; (2) $119,947.55 in interest through January 1, 2009 on the unpaid monies; (3) $112,456.26 in liquidated damages on the unpaid monies; (4) $7,282.97 in interest on the late paid monies; and (5) $9,569.05 in liquidated damages on the late paid monies.

Plaintiffs are also statutorily and contractually entitled to reasonable attorney's fees and costs, to be paid by Defendants. See 29 U.S.C. § 1132(g)(2); see also Mem. in Supp. of Pls.' Mot. for Default J. at 17-18. Accordingly, this Court awards Plaintiffs attorney's fees and costs in the total amount of $35,024.31, representing $33,862.24 in fees and $1,163.07 in costs and disbursements.

In addition to monetary damages, Plaintiffs now seek a permanent injunction (1) preventing and restraining the Defendants from breaching the agreements by which it is bound, (2) directing Defendants to perform their obligations to Plaintiffs, and (3) preventing Defendants from incurring any further delinquencies in amounts owed, or to become owing, in the future.[1]

It is a well settled that permanent injunctions are an available remedy under ERISA. 29 U.S.C. § 1132(g)(2)(E); see Beck v. Levering, 947 F.2d 639, 641 (2d Cir. 1991) ("to deny the power in federal courts to issue permanent injunctions would . . . fly in the face of both precedent,

---

[1] Specifically, Plaintiffs seeks a permanent injunction directing Defendants (1) to produce, for Plaintiffs' review and audit, their remittance reports and payroll records evidencing the hours worked by its employees for the period March 2008 through the date of this Order, (2) perform their obligations to the Plaintiffs, specifically, to timely furnish the required remittance reports and payments to the Plaintiffs, and (3) refrain from incurring any additional delinquencies with the Plaintiffs. See Mem. in Supp. of Pls.' Mot. for Default J. at 12-17.

Congressional intent and common sense."); <u>Onondaga County Laborers' Health, Welfare, Pension, Annuity and Training Funds v. Sal Masonry Contractor, Inc.</u>, 91-CV-0466, 1992 U.S. Dist. LEXIS 4715, at *28 (N.D.N.Y. April 4, 1992) (finding that federal courts have the authority to grant permanent injunctions under ERISA). "To obtain a permanent injunction, the plaintiff must succeed on the merits and 'show the absence of an adequate remedy at law and irreparable harm if the relief is not granted.'" <u>Roach v. Morse</u>, 440 F.3d 53, 56 (2d Cir. 2006) (quoting <u>N.Y. State Nat. Org. for Women v. Terry</u>, 886 F.2d 1339, 1362 (2d Cir. 1989)). Plaintiffs have succeeded on the merits in this action. Further, the evidence before the Court reveals that Plaintiffs' legal remedy of monetary damages is not adequate. Defendants have continually been delinquent in remitting the contributions owed to Plaintiffs. There is nothing in the record to suggest that Defendants will not continue to ignore their contractual obligations and be delinquent in their payments absent a permanent injunction. Moreover, further failure to perform will undoubtedly result in irreparable harm to the fiscal security of the fund and the employees. Therefore, the Court concludes that Plaintiffs are entitled to the injunctive relief sought.

Accordingly, it is hereby

**ORDERED**, that Plaintiffs' Motion for default judgment (Dkt. No. 29) is **GRANTED** and the Clerk shall enter default judgment against Defendants in the total amount of $733,234.34; and it is further

**ORDERED**, that Plaintiffs' request for a permanent injunction is **GRANTED** and Defendants must produce, for Plaintiffs' review and audit, their remittance reports and payroll records evidencing the hours worked by its employees for the period March 2008 through the date of this Order; perform their obligations to the Plaintiffs, specifically, to timely furnish the required remittance reports and payments to Plaintiffs; and refrain from incurring any additional

delinquencies; and it is further

      **ORDERED**, that the Clerk serve a copy of this Order on all parties.

      **IT IS SO ORDERED**.

DATED:      May 7, 2009
                Albany, New York

                        Lawrence E. Kahn
                        U.S. District Judge